UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., ) ) ) Plaintiffs, ) ) vs. ) ) BUCCANEER EXCAVATING, LLC, ) ) Defendant. ) | Case No. 4:21-cv-01190 AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion for default judgment (ECF No. 11) against Defendant Buccaneer Excavating, LLC. Plaintiffs are the union and trustees of various employee benefit plans. Plaintiffs filed this action to recover delinquent contributions and liquidated damages owed to them under the Employee Retirement Income Security Act, 29 U.S.C. §§ 185 & 1132.

Clerk's Entry of Default was entered against Defendant on February 17, 2022. (ECF No. 7). Plaintiffs seek judgment against Defendant in the amounts of $6,064.08 in principal contributions, liquidated damages, interest, and an audit fee related to the period of April 1, 2015 through March 31, 2018.[1] In addition to the audit amount owed, Plaintiffs seek $11,842.15 in delinquent contributions and supplemental dues for the months of July

---

1   Plaintiff explains that Defendant initially owed $12,840.43 in principal contributions, $2,592.91 in liquidated damages, $361.60 in interest and $1,443.00 for the audit fee related to an audit conducted on the period between April 1, 2015 and March 31, 2018.  Defendant paid $11,173.86 on the audit and still owes $6,064.08.

1

through September 2021. As contributions and supplemental dues for the months of April through June 2021 were paid in an untimely manner, Plaintiffs also seek $6,025.00 in liquidated damages, $637.15 in interest, together with $1,311.50 for attorney fees, and $651.32 for costs, for a total of $26,531.20. Plaintiffs have provided affidavits and exhibits supporting these amounts. (ECF Nos. 8-1, 8-5, 8-6 & 8-7). Defendant, who is in default, has not responded to the Motion for Default Judgment, and the time to so has passed.

"Where default has been entered, the allegations of the complaint, except as to the amount of damages are taken as true." *Carpenters' Dist. Council of Greater St. Louis and Vicinity v. Hard Rock Foundations, LLC*, No. 4:13CV01549 AGF, 2013 WL 6037097, at *2 (E.D. Mo. Nov. 14, 2013) (citation omitted). "In determining the amount of damages for a default judgment in an ERISA case brought by a plan against an employer, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Painters Dist. Council 2 v. Grau Contracting, Inc.*, No. 4:10CV02339 AGF, 2012 WL 2848708, at *1 (E.D. Mo. July 11, 2012) (internal quotation omitted). A plaintiff is entitled to recover all of the principal contributions owed pursuant to the payroll examination, plus liquidated damages totaling twenty percent of the delinquency, interest, attorneys' fees, and costs. *See* 29 U.S.C. § 1132(g)(2)(E). Damages must be proven by a preponderance of the evidence. *See Iron Workers St. Louis Dist. v. Arrow Fence, Inc.*, No. 4:11CV02019 AGF, 2013 WL 991658, at *2 (E.D. Mo. Mar. 13, 2013).

Upon review of the record, the Court finds that Plaintiffs have provided sufficient evidence to support their motion. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for default judgment is **GRANTED**.  ECF No. 7.  A Judgment against Defendant in the amount of $26,531.20 shall accompany this Memorandum and Order.

                                                        _____
                                                        AUDREY G. FLEISSIG
                                                        UNITED STATES DISTRICT JUDGE

Dated this 8th day of April, 2022.